November 3, 2015

**VIA ECF**

Honorable Arlene R. Lindsay
United States District Magistrate Judge
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

                                           Re:     Alyssa Brown v. Advanced Tattoo
                                                      Management Consulting Corp.
                                                      d/b/a Tattoo Lou's & Lou Rubino
                                                      **Case No.  15-CV-00436**

Dear Magistrate Judge Lindsay:

        In accordance with the Court's Order dated October 20, 2015, below are the parties' positions with respect the outstanding issues regarding dissemination of the Notice to putative members of the collective action, for which the parties request a ruling. There are four issues in dispute: (a) whether the Notice should be posted; (b) whether the notice should be sent by text and e-mail; (c) whether Plaintiff's counsel may disseminate a reminder Notice 21 days after sending the Notice; and (d) whether the addresses of putative members of the collective action should be provided to Plaintiff's counsel or the Claims Administrator.

**I.**       **Whether Notice Should Be Posted**

        **Plaintiff's Position:** This Court should Order Defendants to post Notice in each of Defendants' seven locations because such postings "maximize potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in, and they can helpfully supplement direct mail notice." *Lopez v. Overtime 1st Avenue Corp.,* Case No.: 15-cv-820 (RJS), Dkt. No. 24, at 2 (Sept. 10, 2015).[1] Posting notice advances one of the FLSA's primary goals: ensuring "that all workers are aware of their rights." *Flood v. Carlson Restaurants, Inc.*, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015). Doing so would also follow the "routine" practice among courts in the Second Circuit of regularly ordering "that Notice be posted in common areas or employee bulletin boards, even when notice is *also* provided via first-class mail." See *Harhash v. Infinity West Shoes, Inc.*, 2011 WL 4001072, at *5 (S.D.N.Y. Aug. 25, 2011) (emphasis added); *see also, e.g., Rosario v. Valentine Avenue Discount Store, Co.*, 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail."); *Whitehorn v. Wolfgang's Steakhouse, Inc.,* 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (same). Requiring Defendants to post the Notices would cause no significant

---

[1] A courtesy copy of this opinion is attached here as Exhibit A.

1

burden or prejudice, further supporting Plaintiff's request. *See Mata-Primitivo v. May Tong Trading, Inc.*, 2014 WL 2002884, at *6 (May 15, 2014) (rejecting defendant's argument that posting notice and consent forms at defendant's place of business would "disrupt the course of business").

**Defendant's Position:** The Court should deny Plaintiff's request for posting absent evidence mailing will be ineffective. *See Capsolas v. Pasta Res. Inc.*, 2011 U.S. Dist. LEXIS 49926, at *15-16 (S.D.N.Y. May 9, 2011) (denying request to post notice finding that there was no evidence that mail "will prove ineffective"); *Shajan v. Barolo, Ltd.*, 2010 U.S. Dist. LEXIS, 54581, at *5 (S.D.N.Y. June 2, 2010) ("since all current employees will be receiving the notice [by mail] there is no need to require posting"). This is particularly the case where, as here, the collective action does not extend to all of Defendants' employees, and a notice posting will inevitably cause confusion amongst eligible and ineligible workers and disrupt Defendants' business operations. Given the proven efficiency, fairness and reliability of notice through first class mail, any additional notice mechanism would be excessive, prejudicial, and unfair. *See Steinberg v. TD Bank, N.A.*, 2012 U.S. Dist. LEXIS 89086, at *18-19 (D.N.J. June 27, 2012) (denying plaintiffs' request for a notice posting because it would be "excessive and unfairly prejudicial").

## II. The Manner of Sending Notice

**Plaintiff's Position:** As Magistrate Judge Go recently noted in *Cherif v. Sameday Delivery Corp.*, "courts routinely order discovery of names, addresses, telephone numbers, and other information in FLSA actions" including "email addresses." 2015 WL 5772012, at *6 (E.D.N.Y. Sept. 30, 2015) (citing *Ack v. Manhattan Beer Distribs., Inc.,* 2012 WL 1710985, at *6 (E.D.N.Y. May 15, 2012)); *Hernandez v. Merrill Lynch & Co., Inc.*, 2012 WL 1193836, at *7 (S.D.N.Y. Apr. 6, 2012) ("in this day of electronic communication, courts have authorized defendants to provide email addresses. . . ."); *Gorey v. Manheim Servs. Corp.,* 2010 WL 5866258, at *6 (S.D.N.Y. Nov.10, 2010) (names, dates of employment, last known mailing address, email address, and telephone numbers). Providing this information will also help facilitate dissemination to putative class members via text messaging - - an efficient means of providing notice with growing support among courts in this Circuit and beyond. *See, e.g., Lopez*, Case No.: 15-cv-820 (RJS), Dkt. No. 24, at 3; *Bhumithanarn v. 22 Noodle Market Corp.*, 2015 WL 4240985, at *5 (July 13, 2015) (citing *Chamorro v. Bahman Ghermezian,* Case No.: 12-cv-8159 (TPG), Dkt. No. 17, ¶ 5 (S.D.N.Y. Feb. 25, 2013) (authorizing dissemination of FLSA § 216(b) notice via text message)); *McKinzie v. Westlake Hardware, Inc.,* 2010 WL 2426310, at *5 (W.D. Mo. Jun. 11, 2010) (ordering defendant to provide cellular phone numbers following conditional certification)).

**Defendant's Position:** Notice should be sent solely via first class mail because first class mail is the "best notice practicable." *See Summa v. Hofstra Univ.*, 2008 U.S. Dist. LEXIS 62591, at *18-19 (E.D.N.Y. Aug. 14, 2008) (rejecting, in relevant part, plaintiff's request for email addresses where "Plaintiff provides no justification regarding her request for additional information") (Lindsay, M.J.); *Hinterberger v. Catholic Health Sys.*, 2009 U.S. Dist. LEXIS 97944, at *42 (W.D.N.Y., Oct. 21, 2009) (collecting cases). Email and text message is also

intrusive, has a financial cost to putative collective members, and may result in misleading notification. As an initial matter, Defendants do not possess the email addresses and cellular phone numbers of all putative collective members. Therefore, dissemination of notice by email or text message would be applied inconsistently, and hence would be an unreliable notice mechanism. Even if Defendants did have all the e-mail addresses and phone numbers, putative collective members should not be subjected to multiple, unsolicited communications on their personal electronic devices; one notice by mail is sufficient. Furthermore, receipt of notice by text message or email (if reviewed on an employee's cellular phone) would require data usage – an expense that putative collective members would have to unnecessarily incur after already receiving notice by first class mail. The data charge may push them over their monthly data allotment, and result in a overage fee. Notification by text message or email "could create risks of distortion or misleading notification." *See Hinterberger*, 2009 U.S. Dist. LEXIS 97944, at *41. Finally, with spam filters, privacy settings, and the sheer amount of e-mail received by individuals from commercial entities, it is possible that the e-mail or text message would never be received, or received but automatically shuffled to junk mail. Further, often multiple individuals have access to an e-mail account or phone messages (e.g., family members or others residing at the same residence), which could result in a dispute about whether the notice was ever received.

### III. Whether The Court Should Permit a "Reminder Notice"

**Plaintiffs' Position:** Plaintiff also requests that the Court authorize Plaintiff to send out a deadline reminder notice. Courts consistently hold that "[s]ending a reminder notice is consistent with the FLSA's objective of informing potential plaintiffs of the collective action and their right to opt-in."[2] *Sultonmurodov v. Mesivita of Long Beach*, 2015 WL 5918415, at *2 (E.D.N.Y. Oct. 9, 2015) (citing *Bijoux v. Amerigroup New York, LLC*, 2015 WL 4505835, at *15 (E.D.N.Y. July 23, 2015)). *See also Sharma v. Burberry Ltd.*, 2014 WL 4385426, at *21 (E.D.N.Y. Sept. 4, 2014) (authorizing plaintiffs to send reminder notices); *Puglisi v. TD Bank, N.A.*, 998 F. Supp. 2d 95, 102 (E.D.N.Y. 2014) (same); *Limarvin v. Edo Rest. Corp.*, 2013 WL 371571, at *3-4 (S.D.N.Y. Jan. 21, 2013) (same). This Court should agree with the developing trend among courts in this District and allow Plaintiff to send reminder notices to all potential collective members.

**Defendants' Position:** Like providing email addresses, allowing for an additional mailing would only unnecessarily pressure and harass individuals who already may have made an affirmative decision not to join the case, and could be incorrectly construed by potential opt-in plaintiffs as reflecting an opinion of the Court that they should join the case. *See Guzelgurgenli v. Prime Time Specials, Inc.*, 883 F. Supp. 2d 340, 358 (E.D.N.Y. 2012) (denying plaintiffs' request to send a reminder notice).[3]

---

[2] Plaintiff's proposed Reminder Notice is attached here as Exhibit B.

[3] The "Reminder Notice" also crosses the line from a neutral judicial notice of a lawsuit to a solicitation. It reads like a Columbus Day sale that is about to end. It says, for example, in big bold letters and enlarged font: "REMINDER-DEADLINE TO JOINT LAWSUIT." It then goes on to state the Notice has been "authorized" by the Court. Additionally, the reminder Notice, unlike the original Notice only tells them what to do if they want to join; it does not advise them of their rights not to join and their ability to

### IV.   Whether The List of Employees Should Be Given To Plaintiff's Counsel or to a Claims Administrator

**Plaintiff's Position:** The Court should permit putative opt-in Plaintiffs who join this case to submit their consent-to-sue forms directly to Plaintiff's counsel. Doing so will ensure a prompt and efficient manner of managing this case while avoiding needless expenses attributable to any third-parties. Defendants' request that putative opt-ins should return their opt-in consent forms to a third-party Claims Administrator - - rather than to Plaintiff's counsel's office - - is unnecessary and inappropriate, as it would serve only to confuse putative opt-ins and needlessly increase the resources necessary to administer this matter. *See Sultonmurodov*, 2015 WL 5918415, at *2 (citing *Dilonez v. Fox Linen Serv., Inc.*, 35 F. Supp. 3d 247, 258 (E.D.N.Y. 2014); *Ritz v. Mike Rory Corp.*, 2013 WL 1799974, at *4 (E.D.N.Y. 2013) ("In order to minimize the burden on opt-in plaintiffs who choose representation by plaintiff's counsel, and to reduce the administrative burden on the court, I am directing that the opt-in forms be returnable to plaintiff's counsel."). Moreover, the agreed-upon Notice advises putative opt-ins that they are "free to hire [their] own lawyer" should they so choose - - mitigating any already "minimal risk" that they might be "discouraged from seeking their own counsel." *Sultonmurodov*, 2015 WL 5918415, at *2 (quoting *Cherif*, 2015 WL 5772012, at *7). Moreover, as Magistrate Judge Shields recently wrote, "with the advent of round-the-clock electronic filing, plaintiffs' counsel may . . . be better equipped to expeditiously file returned consent forms." Given the language in the agreed-upon Notice, the size of putative collective in this matter, and Plaintiff's counsel's ability to immediately file consent forms as they are received - - an important consideration for statute of limitations purposes - - this Court should permit Plaintiff's counsel to manage this collective.[4]

**Defendant's Position:** The Notice should be distributed by a neutral third-party administrator and the names provided only the Claims Administrator. Defendants have an obligation to protect the confidential nature of the information contained in the employment records of non-party employees, who have "[l]egitimate privacy concerns . . . with regard to personnel files." *Perez v. Jupada Enters., Inc.*, 10 Civ. 3118, 2011 U.S. Dist. LEXIS 14788, at *4 (S.D.N.Y. Feb. 14, 2011). Additionally, many employees likely would be displeased to learn that their contact information has been given to Plaintiff's counsel. The use of a third-party administrator will safeguard the privacy of non-party employees and ensure the list is not used for any other purpose other than the purpose ordered by the Court – notifying putative members of their right to join the case. There is no basis for Plaintiff's counsel to be provided this

---

bring an individual case if they choose with their own attorney. It also contains none of the caveats or explanations regarding fees, costs, or their obligations to participate in discovery. It is therefore misleading and incomplete. Joining a federal lawsuit is not a tag sale; this "Reminder Notice" makes it such.

[4] Based on representations from Defense counsel, there are approximately ten putative collective members. Managing a collective of this size will pose no arguable administrative burden on Plaintiff's counsel.

information simply because they filed this lawsuit.  *See Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1128 (N.D. Cal., Oct. 26, 2009) ("Plaintiffs ask[] the Court to order Defendant to provide their counsel with contact information for all putative class members so that counsel can provide them with a court approved notice.  The Court finds that it would be more appropriate to have a third-party claims administrator distribute the collective action notice.  Although Plaintiffs correctly note that the Court is authorized to order the production of potential class members' contact information to Plaintiffs' counsel, they have not explained why it would be preferable for their counsel to oversee distribution of the notice.  Contact information for Plaintiffs' counsel would be contained in the notice and the potential class members may contact counsel if they wish."); *Robinson v. Empire Equity Group, Inc*., 2009 U.S. Dist. LEXIS 107607, at *19 (D. Md. Nov. 18, 2009); *In re American Family Mutual Insurance Co., Overtime Pay Litigation*, 2009 U.S. Dist. LEXIS 11169, at *11 (D. Colo. Feb. 3, 2009).

Thank you for your attention to this matter.

Respectfully submitted,

Borrelli & Associates, P.L.L.C.                                     JACKSON LEWIS, P.C.

By: __/s/ Michael R. Minkoff, Esq._____    By: ____/s Jeffrey W. Brecher_____
Michael R. Minkoff, Esq.                                            Jeffrey W. Brecher, Esq..
Borrelli & Associates, P.L.L.C.                                     Jackson Lewis, P.C.
655 Third Avenue, Suite 1821                                        58 S. Service Road, Suite 250
New York, New York 10017                                            Melville, New York 11747
(212) 679-5000                                                      (631) 247-4652
mrm@employmentlawyernewyork.com                                     BrecherJ@jacksonlewis.com

4841-2575-3898, v. 1